# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| CLIMCO COILS COMPANY, ) <br> an Illinois corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SIEMENS ENERGY & AUTOMATION, INC., ) <br> a foreign corporation, ) <br> ) <br> Defendant. ) | Case No. 04 C 50342 <br><br> Magistrate Judge <br> P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant's February 9, 2006 Motion for Deemed Admissions, to Extend Discovery to Depose Scott Selmon and Climco's Accountant, and for Sanctions. For the reasons stated below, Defendant's Motion is granted in part and denied in part.

**I.     Background**

On or about December 13, 2005, Defendant served Plaintiff with twenty Requests for Admission. On January 4, 2006, the court ordered Plaintiff to respond to the Requests by January 25, 2006, and Plaintiff complied. On or about February 3, 2006, Plaintiff amended its responses. Unsatisfied with Plaintiff's subsequent responses and amendments, Defendant requests that the court deem its Requests admitted under Federal Rule of Civil Procedure 36(a) and extend discovery for depositions. Plaintiff maintains that it has sufficiently responded to Defendant's Requests for Admission and asks that Defendant's Motion be denied.

1

## II.     Analysis

The court turns to Federal Rule of Civil Procedure 36 to determine the sufficiency of Plaintiff's Responses to Defendant's Requests for Admission. In this case, Defendant challenges the sufficiency of both admissions and denials in response to its Requests to Admit. Under Rule 36,[1] requests for admission should be simple and direct so that they can be readily admitted or denied. However, under the Rule, a responding party that cannot readily admit or deny a request may make an admission with a qualification or deny only part of a request, so long as the response fairly meets the substance of the requested admission.

Sometimes an admission may necessitate qualification when the request is technically

---

[1]
> A party may serve upon any other party a written request for the admission . . . of the truth of any matters . . . set forth in the request that relate to statements or opinions of fact or of the application of law to fact. . . . The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. . . . The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial.

Fed. R. Civ. P. 36(a).

true, but an explanation is needed to cure improper inferences. In such a case, the responding party may in "good faith" qualify their response, but in doing so must also state specifically what part of the request is true. Likewise, if a respondent seeks to deny only part of a request, the respondent must state specifically what part of the request is true, and deny only the remainder.

Defendant also challenges the Plaintiff's responses as improperly invoking its right to neither admit nor deny under Rule 36. Under the Rule, an "answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Fed. R. Civ. P. 36.

When a challenge to sufficiency of responses is made under Rule 36, it is the party opposing the challenge that has the burden of persuasion to show that the response to the request is sufficient. Typically, the ability to prove sufficiency hinges on the specificity of the response; not the response's accuracy. A motion to determine sufficiency is not an appropriate vehicle to litigate the correctness of a response as Rule 36 does not permit the court to determine whether a response is supported by evidence before trial. If a party believes a response to a request to admit is incorrect, the appropriate remedy under Rule 26 is to prove the matter at trial, and then apply to the court for reasonable expenses, including reasonable attorney fees, in making that proof. *Wanke v. Lynn's Transp. Co.*, 836 F.Supp. 587, 598 (N.D. Ind. 1993).

If after the court considers a challenge to the sufficiency of a response and decides an answer fails to comply with Rule 36 requirements, the court may deem the matter admitted or order that an amended answer be served. In addition, the court may defer ruling until the pre-trial conference.

Turning to the responses at issue in this case, the court finds a brief summary of the court's analysis as to each Request to Admit is warranted.

### A. Request to Admit #1

Defendant asks Plaintiff to admit that:

**The documents marked as Exhibit A (CG 0005-0008) accurately reflect Climco sales by customer for the years 2000 through 2004 (with the customers' names redacted).**

Plaintiff responds that:

**Plaintiff denies the matters set forth in this Request. The admission requested is not accurate. Some of the lines shown on Exhibit A do not represent customers.**

Defendant contests the sufficiency of Plaintiff's response because "Plaintiff fails to provide which lines 'do not represent customers' or which lines [Plaintiff] can admit 'accurately reflect [Plaintiff's] sales by customer.'" (Def.'s Mem., at 8).

Plaintiff states that its denial sufficiently specified why it believed the Request was inaccurate. However, Plaintiff also seeks leave to amend its Response if the court finds that Plaintiff has not been adequately specific. (Pl.'s Resp., at 3).

This court finds that Plaintiff's response is insufficient. "Some of the lines shown on Exhibit A do not represent customers" fails to provide Defendant information it is entitled to under Rule 36. Plaintiff is given until April 5, 2006 to amend its answer to state specifically what part of the Request is true, denying only the remainder.

### B. Request to Admit #2

Defendant asks Plaintiff to admit that:

**Clifton Gunderson, LLP prepared financial statements and tax returns for Climco in the years 1999 through 2005.**

Plaintiff responds that:

**Plaintiff denies the matters set forth in this Request. The admission requested exceeds the scope of the engagement of Clifton Gunderson LLP. Plaintiff also objects to this Request on the basis that it is vague as to particular financial statements and tax returns, and on the basis that the Request exceeds the number of allowed requests for admissions considering the number of Plaintiff's federal and state tax returns and financial statements for the years 1999 through 2005.**

Defendant contests the sufficiency of Plaintiff's response because Plaintiff fails to meet the substance of the requests and fails to "specify so much of the Requests as is true and qualify or deny the remainder." (Def.'s Mem., at 8). Defendant further states that if "Plaintiff claims Clifton Gunderson was hired only to prepare tax returns or for a limited period of time, then Plaintiff should have, at the very least, admitted that portion of the request." (*Id.*).

Plaintiff states that its denial is sufficient, but also further elucidates on the Request, noting: "Clifton Gunderson was retained to assist in the preparation of tax returns and financial statements. . . . a statement that they were retained to prepare those documents exceeds the scope of their engagement. Consequently, the Request is simply inaccurate as to all documents and periods." (Pl.s' Resp., at 3).

Here, the court finds Plaintiff's response to be sufficient. Plaintiff has properly denied the Request as written. It is not the place of this court to order Plaintiff to admit that Clifton Gunderson "prepared" financial statements and tax returns when Plaintiff asserts that Clifton Gunderson was only "retained to assist in the preparation" of tax returns and financial statements.

### C. Requests to Admit #3-7

In Request #3, Defendant asks Plaintiff to admit that:

5

**The documents marked as Exhibit B (CG 0009-0015) are true and correct copies of Climco's Balance Sheets, Statements of Operations, Statements of Retained Earnings, Statements of Cash Flows, Schedules of Cost of Sales and Schedules of General and Administrative Expenses for the years ended December 31, 2004 and December 31, 2003.**

Plaintiff responds that:

**Plaintiff denies the matters set forth in this Request, except that Plaintiff admits the following:**
  **a. Except for Bates stamp numbers, CG 0009 and 0010 are a true and correct copy of Climco's Balance Sheets, for the years ended December 31, 2004, and December 31, 2003, previously produced by Plaintiff as document numbers 1292 and 1293.**
  **b. Except for Bates stamp numbers, CG 0011 is a true and correct copy of Climco's Statement of Operations, for the years ended December 31, 2004, and December 31, 2003, previously produced by Plaintiff as document number 1292. Plaintiff supplied true and correct copies of its financial statements in discovery in this case. The documents in Exhibit B other than CG 0009-11 are not documents maintained by Climco.**
**Plaintiff also objects to this Request on the basis that the Request actually contains at least six (6) requests for admission, and that the total number of requests for admission exceeds the number of allowed requests for admissions.**

In Request #4, Defendant asks Plaintiff to admit that:

**The documents marked as Exhibit C (CG 0016-0022) are true and correct copies of Climco's Balance Sheets, Statements of Operations, Statements of Retained Earnings, Statements of Cash Flows, Schedules of Cost of Sales and Schedules of General and Administrative Expenses for the years ended December 31, 2003 and December 31, 2002.**

Plaintiff responds that:

**Plaintiff denies the matters set forth in this Request. Plaintiff supplied true and correct copies of its financial statements in discovery in this case. Plaintiff also objects to this Request on the basis that the Request actually contains at least six (6) requests for admission, and that the total number of requests for admission exceeds the number of allowed requests for admissions.**

In Request #5, Defendant asks Plaintiff to admit that:

**The documents marked as Exhibit D (CG 0023-0028) are true and correct copies of Climco's Balance Sheets, Statements of Operations and Retained Earnings, Statements of Cash Flows, Schedules of Cost of Sales and Schedules of General and Administrative Expenses for the years ended December 31, 2002 and December 31, 2001.**

Plaintiff responds that:

**Plaintiff denies the matters set forth in this Request, except that Plaintiff admits the following:**

   **a. Except for Bates stamp numbers, CG 0023 and 0024 are a true and correct copy of Climco's Balance Sheets, for the years ended December 31, 2002, and December 31, 2001, previously produced by Plaintiff as document numbers 1289 and 1290.**

   **b. Except for Bates stamp numbers, CG 0025 is a true and correct copy of Climco's Statement of Operations, for the years ended December 31, 2004, and December 31, 2003, previously produced by Plaintiff as document number 1288. Plaintiff supplied true and correct copies of its financial statements in discovery in this case. The documents in Exhibit D other than CG 0023-25 are not documents maintained by Climco. Plaintiff also objects to this Request on the basis that the Request actually contains at least five (5) requests for admission, and that the total number of requests for admission exceeds the number of allowed requests for admissions.**

  In Request #6, Defendant asks Plaintiff to admit that:

  **The documents marked as Exhibit E (CG 0035-0040) are true and correct copies of Climco's Balance Sheet, Statement of Operations and Retained Earnings, Statement of Cash Flows, Schedule of Cost of Sales and Schedule of General and Administrative Expenses for the year ended December 31, 2000.**

  Plaintiff responds that:

  **Plaintiff denies the matters set forth in this Request, except that Plaintiff admits the following:**

   **a. Except for Bates stamp numbers, CG 0035 and 0036 are a true and correct copy of Climco's Balance Sheet, for the year ended December 31, 2000, previously produced by Plaintiff as document numbers 1460 and 1461.**

   **b. Except for Bates stamp numbers, CG 0037 is a true and correct copy of Climco's Statement of Operations, for the year ended December 31, 2000, previously produced by Plaintiff as document number 1462. Plaintiff supplied true and correct copies of its financial statements in discovery in this case. The documents in Exhibit B other than CG 0035-37 are not documents maintained by Climco. Plaintiff also objects to this Request on the basis that the Request actually contains at least five (5) requests for admission, and that the total number of requests for admission exceeds the number of allowed requests for admissions.**

  In Request #7, Defendant asks Plaintiff to admit that:

  **The documents marked as Exhibit F (CG 0029-0034) are true and correct copies of Climco's Balance Sheets, Statements of Operations and Retained Earnings, Statements of Cash Flows, Schedules of Cost of Sales and Schedules of General and Administrative Expenses for the years ended December 31, 2001 and December 31, 2000.**

Plaintiff responds that:

**Plaintiff denies the matters set forth in this Request. Plaintiff supplied true and correct copies of its financial statements in discovery in this case. Plaintiff also objects to this Request on the basis that the Request actually contains at least five (5) requests for admission, and that the total number of requests for admission exceeds the number of allowed requests for admissions.**

Defendant contests the sufficiency of Plaintiff's responses because Plaintiff denies that certain financial records produced by Clifton Gunderson are Plaintiff's records without providing a reasonable explanation. (Def.'s Mem., at 7-8). Defendant wonders out loud in its brief, "Is [Plaintiff] claiming these are not actually [Plaintiff's] records even though they say 'CLIMCO COILS CO.' on the top of each page?". (Def.'s Mem., at 7).

In response, Plaintiff states that Defendant's Requests do not ask Plaintiff to admit whether the documents concerned belonged to or were possessed by Climco; it asked whether certain documents obtained from Plaintiff's accountant are "true and correct copies of Plaintiff's specifically named financial statements." (Pl.s' Resp., at 3-4). Plaintiff explains that its responses do not indicate that certain documents had nothing to do with Climco, but that different records from those cited in Defendant's Requests, also produced in discovery, were the documents adopted as Plaintiff's financial documents.

This court finds Plaintiff's responses sufficient. Plaintiff has properly denied parts of the Requests while admitting sections that are true.

### D. Request to Admit #8, 19, and 20

In Request #8, Defendant asks Plaintiff to admit that:

**The documents marked as Exhibit G (CG 0041-0046) are true and correct copies of Climco's Balance Sheet, Statement of Operations and Retained Earnings, Statement of Cash Flows, Schedule of Cost of Sales and Schedule of General and Administrative**

8

**Expenses from September 17, 1999 to December 31, 1999.**

Plaintiff responds that:

**Plaintiff neither admits nor denies this Request on the basis that Plaintiff has no records from 1999 to determine whether or not the admission requested is true. Plaintiff also objects to this Request on the basis that the Request actually contains at least five (5) requests for admission, and that the total number of requests for admission exceeds the number of allowed requests for admissions.**

In Request #19, Defendant asks Plaintiff to admit that:

**The documents marked as Exhibit R (CG 0156-0168) are true and correct copies of Climco's U.S. Income Tax Return for an S Corporation and forms and statements attached to the tax return for September 17, 1999, and ending December 31, 1999.**

Plaintiff responds that:

**Plaintiff neither admits nor denies this Request on the basis that Plaintiff has no records from 1999 to determine whether or not the admission requested is true. Plaintiff also objects to this Request on the basis that the total number of requests for admission exceeds the number of allowed requests for admissions.**

In Request #20, Defendant asks Plaintiff to admit that:

**The documents marked as Exhibit S (CG 0169-0170) are true and correct copies of Climco's Small Business Corporation Replacement Tax Return for the fiscal year beginning September 17, 1999, and ending December 31, 1999.**

Plaintiff responds that:

**Plaintiff neither admits nor denies this Request on the basis that Plaintiff has no records from 1999 to determine whether or not the admission requested is true. Plaintiff also objects to this Request on the basis that the total number of requests for admission exceeds the number of allowed requests for admissions.**

Defendant contests the sufficiency of Plaintiff's responses because Plaintiff fails to state that it "made any sort of inquiry, let alone a reasonable one." (Def.'s Mem., at 9). Defendant further states that Plaintiff should have contacted its accounting firm to make a reasonable inquiry under Rule 36. (*Id.*).

Plaintiff states Defendant's argument fails because its response indicates that it could not determine whether the documents were true and correct because it no longer has any records to check or verify their accuracy. (Pl.'s Resp., at 2).

The court finds that Plaintiff's responses are insufficient as Plaintiff evades its duty under the Rule 36 to indicate a reasonable inquiry. Plaintiff is given until April 5, 2006 to make a reasonable inquiry and amend its response to admit, deny, or indicate how the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Finally, having taken the time to help the parties sort through Defendant's Requests to Admit, the court notes that a Local Rule 37.2 conference or Rule 30(b)(6) deposition should have been sufficient tools to iron out the disagreement the parties had regarding Clifton Gunderson documents. Though Plaintiff's responses to Requests #'s 2 -7 may be adequate under Fed. R. Civ. P. 36, Defendant remains entitled to seek information about the Clifton Gunderson documents produced to it during discovery. Just because Plaintiff would like Defendant to rely on a certain set of documents produced as Climco's financial statements and tax returns does not preclude Defendant from taking discovery on a separate set of documents that have been produced by way of subpoena to Clifton Gunderson. As such, Defendant's Motion to extend discovery for the further deposition Climco's accountant is allowed. Defendant is given until May 1, 2006 to take a one hour deposition of Climco's accountant at a reasonable time and in a reasonable location. The scope of the deposition is limited to issues raised in the Requests to Admit. The court declines to extend time for the deposition of Mr. Scott Selmon, President of Climco. Given the circumstances, the court also declines to award Defendant fees and expenses

as a sanction.

### III. Conclusion

For the above stated reasons, Defendant's February 9, 2006 Motion is granted in part and denied in part. Plaintiff is given until April 5, 2006 to amend responses to Requests to Admit #'s 1, 8, 19, and 20. Defendant is given until May 1, 2006 to take a one hour deposition of Climco's accountant at a reasonable time and in a reasonable location. The scope of the deposition is limited to issues raised in the Requests to Admit. The remaining balance of Defendant's Motion is denied.

**ENTER:** *[signature]*

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**

**DATE: March 28, 2006**